**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-13430

Non-Argument Calendar

_____

In re: BARBARA JOYCE REAVES SMITH,

*Debtor.*

_____

VINCE FARIDANI,

*Plaintiff-Appellant,*

*versus*

BARBARA JOYCE REAVES SMITH,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:24-cv-00086-WLS,
Bkcy No. 7:23-ap-7013-JTL

_____

Before ROSENBAUM, GRANT, and KIDD, Circuit Judges.

PER CURIAM:

Vince Faridani, proceeding pro se, appeals from the district court's order affirming the bankruptcy court's entry of judgment against him in his adversary proceeding. After careful review, we find no abuse of discretion in the district court's resolution of Faridani's appeal.

## I. BACKGROUND

In 2018, Barbara Smith signed a promissory note payable to Faridani in the amount of $30,000. Smith defaulted on repayment, and, following an entry of default judgment in favor of Faridani in July 2022, a Georgia court ordered Smith to pay the full cost of the note with interest and costs.

A year later Smith petitioned for Chapter 7 bankruptcy. In response, Faridani instituted adversary proceedings by filing an objection, through counsel, to the discharge of the debt Smith owed to him. Shortly thereafter, the bankruptcy court ordered a discharge of Smith's debt, including that owed to Faridani. *See* 11 U.S.C. § 727.

Faridani amended his objection and contended that his debt was nondischargeable because Smith intentionally misled him about how she intended to use his loan. *See id.* § 523(a)(2)(A). He therefore requested that the bankruptcy court deny Smith's discharge until his payment was received.

In July 2024, the bankruptcy court held a bench trial in Faridani's adversarial proceeding and announced its factual findings and conclusions of law during a telephonic conference the following month. And on August 14, 2024, the day after the telephonic

conference, the bankruptcy court entered the following one sentence judgment: "For the reasons stated from the bench in accordance with Federal Rules of Bankruptcy Rule 7052, the Court finds in favor of [Smith]."

Faridani, now pro se, appealed the bankruptcy court's judgment to the district court. After Faridani filed his notice of appeal, the clerk of the bankruptcy court sent him a letter detailing what was required for an appeal, including that he file, within 14 days, a designation of items to be included in the record on appeal and a statement of issues he wished to present. The letter further explained that Faridani should contact the clerk's office if he needed a transcript, noted that there was a fee associated with such a request, and explained that the requesting party must file the transcript with the court upon receiving it.

Faridani's "designated record list" listed several documents, including a "trial transcript." Faridani also wrote a letter to the bankruptcy clerk in October 2024 requesting the July 2024 bench trial transcript and inquiring as to the fees associated with his request.

However, in the district court, Faridani filed only a partial bankruptcy record, which did not include any transcripts. He thereafter filed his brief arguing the following: (1) Smith misrepresented herself, the evidence, and what the loan would be used for and engaged in a pattern of financial misconduct; (2) the bankruptcy court misapplied legal standards and improperly excluded evidence; (3) he had proven fraud in the inducement, that verbal agreements

supported by credible witness testimony were enforceable, and that granting discharge to Smith would reward fraudulent behavior as well as erode integrity in the bankruptcy system; and (4) Smith's deposition testimony was marked by contradictions, misrepresentations, and a lack of financial accountability, which collectively showed intentional deception.

Following full briefing, the district court affirmed the bankruptcy court's judgment in favor of Smith. It found the record insufficient for meaningful review because it only had available the bankruptcy court's one-sentence judgment. The court explained that its review of the bankruptcy court's decision was "significantly hampered by [Faridani's] decision to ignore" the relevant procedural rules and failure to submit the necessary transcripts of the bench trial and telephonic conference, which was alone grounds for affirmance. The court elaborated that the resolution of the issues Faridani raised on appeal, many of which were not presented before the bankruptcy court, were "highly dependent on specific facts . . . not in the [r]ecord," and it stated that it would not make any new factual findings at that juncture. It further observed that, without the necessary record, Faridani could not effectively argue that the bankruptcy court acted erroneously.

Faridani now appeals to our Court the district court's affirmance of the bankruptcy court's judgment.

## II. STANDARD OF REVIEW

Generally, as the second court of review of a bankruptcy court's judgment, we independently examine the factual and legal

25-13430               Opinion of the Court                5

determinations of the bankruptcy court and employ the same standards of review as the district court. *Fla. Dep't of Revenue v. Gonzalez (In re Gonzalez)*, 832 F.3d 1251, 1253 (11th Cir. 2016). However, we review for an abuse of discretion a district court's resolution of a bankruptcy appeal on procedural grounds. *See Pyramid Mobile Homes, Inc. v. Speake (In re Pyramid Mobile Homes, Inc.)*, 531 F.2d 743, 746 (5th Cir. 1976).

### III. DISCUSSION

When appealing a bankruptcy court's order to the district court, an appellant is required to file with the bankruptcy clerk a designation of the items to be included in the record on appeal. Fed. R. Bankr. P. 8009(a)(1)(A). The record on appeal must include, as relevant, transcripts of oral rulings. Fed. R. Bankr. P. 8009(a)(4). "If the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant *must* include in the record a transcript of all relevant testimony and a copy of all relevant exhibits." Fed. R. Bankr. P. 8009(b)(5) (emphasis added).

In this case, the bankruptcy clerk explicitly explained to Faridani that he needed to follow certain procedures in filing an appeal to the district court—including requesting and filing the relevant transcripts. However, as Faridani acknowledges, the transcripts of the bankruptcy court's bench trial and telephonic conference were not available to the district court at the time it rendered final judgment. While Faridani requested a transcript of the bench trial with the bankruptcy clerk, it does not appear that he followed

up on this request or informed the district court that he was awaiting the transcript to complete the record for appeal. And even if this request had been fulfilled, the district court still likely would have been unable to effectively review Faridani's appeal, as he did not request a transcript of the telephonic conference at which the bankruptcy court articulated its findings to support its judgment in favor of Smith.

Pro se litigants are held to a less stringent standard than lawyers, *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), but are nevertheless still required to comply with applicable procedural rules, *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Those applicable rules make clear that the appellant has the burden to ensure that the record on appeal is adequate for a court's review of the issues they wish to litigate on appeal. *See* Fed. R. Bankr. P. 8009(a)(4), (b)(1)(A), (b)(5); Fed. R. App. P. 10(b)(2); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (explaining that pro se appellants are still required to "provide trial transcripts in the appellate record to enable this [C]ourt to review challenges to sufficiency of the evidence").

And without providing the transcripts of both the bankruptcy court's bench trial and telephonic conference, Faridani could not argue on appeal to the district court that its findings or conclusions were "unsupported by . . . or contrary to the evidence." Fed. R. Bankr. P. 8009(b)(5). We therefore cannot say that, based on the record before it, the district court abused its discretion in affirming the bankruptcy court's entry of judgment in favor of

25-13430                Opinion of the Court                7

Smith. *See In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 744–46 (affirming the district court's dismissal of a bankruptcy appeal where appellant failed to pay for a bankruptcy court transcript even after the district court granted appellant additional time to do so).

We recognize that after Faridani filed the instant appeal, he secured the necessary transcripts and supplied them to the district court. He has also filed those transcripts with our Court and suggests that we can now complete a de novo review of his appellate arguments. But in conducting our review, "we consider only evidence that was part of the record before the district court." *Selman v. Cobb Cnty. Sch. Dist.*, 449 F.3d 1320, 1332 (11th Cir. 2006). We also will not "consider issues or arguments raised for the first time" to our Court, "even when pro se litigants are involved." *Clements v. Florida*, 59 F.4th 1204, 1208 (11th Cir. 2023) (citation modified).

In his brief to our Court, Faridani articulates specific grounds upon which the bankruptcy court purportedly erred. But the district court did not reach or consider these issues, and we will not evaluate them in the first instance. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("If we were to regularly address questions—particularly fact-bound issues—that district courts never had the chance to examine, we would not only waste our resources, but also deviate from the essential nature, purpose, and competence of an appellate court."); *see also In re Pyramid Mobile Homes, Inc.*, 531 F.2d at 745–46 (affirming dismissal even where necessary transcript was filed in the circuit court).

## IV. CONCLUSION

We **AFFIRM** the district court's resolution of Faridani's appeal of the bankruptcy court's entry of judgment in favor of Smith.